[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANTS' MOTION TO DISMISS
FACTS
On June 13, 1994, the plaintiff, Vivian Cross, filed a six count complaint sounding in wrongful discharge, defamation, etc., against the defendants, Robert Nearine [Nearine] and the Board of Education for the City of Hartford [Board]. In her complaint, the plaintiff alleges the following:
The plaintiff, previously employed by the City of Hartford's Education Department as a Curriculum and Staff Developer, was responsible for the development of programs to improve the cognitive skill levels of students and conducting professional development workshops for the Board's faculty members. On September 19, 1990, the plaintiff presented an overview of the effectiveness of cognitive instructional practices to the Board's Program Development and Evaluation Committee, which was subsequently adversely criticized by Nearine, who was employed by the Education Department as a Special Assistant in a memorandum that plaintiff claims was erroneous and maligned the plaintiff's veracity and competence. On October 29, 1990, the plaintiff filed a formal complaint with the Grievance Committee for the Hartford Federation of Teachers, requesting that Nearine publicly retract the memorandum which Nearine failed to do. Plaintiff alleges that Nearine "subsequently placed extreme restrictions upon the plaintiff's daily activities" and "engaged in a course of conduct designed to harass, vex and intimidate the plaintiff."
By letter, dated June 21, 1991, the plaintiff was notified that, due to budget problems, her position as a Curriculum and Staff Developer had been eliminated. Plaintiff claims that the Curriculum and Staff Development Department subsequently created a new position within the department which entailed identical responsibilities undertaken by the plaintiff in her prior position, and hired a less-qualified CT Page 1641 individual than the plaintiff to fill this position. The plaintiff was offered a position within the Hartford School System that was beneath her qualifications. Counts one and two of the complaint allege, respectively, that Nearine's publication of the statement regarding the plaintiff renders him liable to the plaintiff for defamation, and invasion of privacy for allegedly placing her in a false light. Count three alleges that Nearine is liable for failing to timely retract the statement. Count four alleges that Nearine is liable for intentional infliction of emotional distress. Count five alleges that the Board is liable for failing to take proper action when presented with the plaintiff's formal complaint, failing to properly supervise Nearine in allowing him to publish the allegedly defamatory statement against her, and failing to properly supervise Nearine in failing to retract, or force Nearine to retract, the statement. Count six alleges that the Board's actions in eliminating the plaintiff's position and creating a new, substantially identical position, which was later filled by another, less qualified individual, constituted wrongful discharge, and violated a number of the plaintiff's constitutional and statutory rights. Specifically, the plaintiff alleges that the Board discharged and/or effectively eliminated the plaintiff's position: a) on the basis of her sex and/or skin color, in violation of General Statutes § 46a-60 and Article I, § 20 of the Connecticut Constitution; b) in retaliation for the plaintiff filing a complaint against Nearine, in violation of General Statutes § 31-51q, General Statutes § 4-61dd(b), and Article I, § 4 of the Connecticut Constitution; and c) in violation of Connecticut's public policy requiring employers to deal fairly and in good faith with their employees.
Each of the six counts asserted against the defendants are brought pursuant to the accidental failure of suit statute, General Statutes § 52-592.
 I
On August 2, 1994, Nearine filed a motion to dismiss the plaintiff's complaint, on the ground that this court lacks personal jurisdiction over him because he was not legally served with process. Nearine claims that he retired from the Board on September 30, 1993, and that the individual who accepted service for the Board on May 5, 1994, was only authorized to accept service for persons then connected with CT Page 1642 the Board.
In opposition to the motion to dismiss, the plaintiff relying on the sheriff's return asserts that because the agent indicated to the sheriff that she was authorized to accept service for Nearine, this court has "subject matter jurisdiction" over Nearine.
The motion to dismiss is the proper procedural vehicle by which to challenge a court's jurisdiction over the person. See Standard Tallow Corp. v. Jowdy, 190 Conn. 48, 53 (1983).
Where a statute specifies the manner in which certain individuals may be served, the failure of a plaintiff to serve those individuals according to the requirements of said statute calls into question the jurisdiction of the court and requires the dismissal of the action, regardless of whether the defendant was prejudiced by such action. Tarnopol v.Connecticut Sitting Council, 212 Conn. 157, 166 (1989). See also Hyde v. Richard, 145 Conn. 24, 25 (1958); General MotorsAcceptance Corp. v. Pumphrey, 13 Conn. App. 223, 227, (1988). Additionally, when a person upon whom service is to be made is designated by statute, service upon any other person as a purported representative is inadequate. Nelson v. Stop ShopCompanies, 25 Conn. App. 637, 641 (1991), citing Tarnapol v.Connecticut Sitting Council, supra.
Generally, there is no substitute for "in hand" or abode service, where jurisdiction over the person of a resident individual is sought. Tarnapol v. Connecticut SittingCouncil, supra, 212 Conn. 163; White-Bowman Plumbing Heating, Inc. v. Biafore, 182 Conn. 14, 16-17, 437 A.2d 833
(1980).
General Statutes § 52-57(a) provides except as otherwise provided, process in any civil action shall be served by leaving a true and attested copy of it, including the declaration or complaint, with the defendant, or at his usual place of abode, in this state. In the present case, the affidavits, as well as the plaintiff's complaint, establish that the sheriff served process on Annette Markham, who was the appropriate agent for service for the Board, but that Nearine was no longer a member of the Board on the date that service was made. Since the plaintiff, in serving the Board's agent for service, did not properly serve Nearine, Defendants' CT Page 1643 motion to dismiss #104, as to Nearine, is granted.
 II.
On August 19, 1994, both defendants filed a second motion to dismiss (#108), on the ground that this court lacks subject matter jurisdiction over the present action because 1) the plaintiff's claims are barred by the doctrine of res judicata; 2) the plaintiff's claims are barred by the exclusivity provisions of the Workers' Compensation Act; 3) the plaintiff's claims are covered exclusively by the collective bargaining agreement and the plaintiff has failed to exhaust her administrative remedies thereunder; 4) the plaintiff's claim under General Statutes § 46a-60 is barred for failure to exhaust the administrative remedies available under the statute; 5) the plaintiff's claim of retaliatory discharge under General Statutes § 4-61dd is barred, as the plaintiff lacks standing under said statute; and 6) the plaintiff's claim of breach of the implied covenant of good faith and fair dealing is unavailable, as the plaintiff was not an at-will employee.
In response, the plaintiff argues that her defamation and invasion of privacy causes of action, contained in counts one and two of her complaint, derive from the common law and are thus independent of the collective bargaining agreement. Likewise, the plaintiff asserts that her discrimination, wrongful discharge, and retaliatory discharge claims, contained in count six, are independent of the collective bargaining agreement. Additionally, the plaintiff argues that the Workers Compensation Act does not bar her claim for intentional infliction of emotional distress. The arguments require detailed analysis.
 III.
Practice Book § 143 "permits a party to move for dismissal of an action on the basis of a lack of subject matter jurisdiction." Sagamore Group, Inc. v. Commissioner ofTransportation, 29 Conn. App. 292, 298, 614 A.2d 1255 (1992). However, we reject defendants' first two claims that the doctrine of res judicata or exclusivity under the Workmens Compensation statute can serve as a basis for their motion to dismiss. These claims are properly asserted as special defenses and do not raise questions of jurisdiction. Zizka v.Water Pollution Control Authority, 195 Conn. 682, 687 (1985). CT Page 1644Sedlak v. Lotto, Superior Court, Judicial district of New Haven at New Haven, Docket No. 328128 (April 6, 1993, Zoarski, J.). See also Grant v. Bassman, 221 Conn. 465, 472 n. 7 (1992) MacLean v. Northeast Province of the School Sisters ofNotre Dame, 7 CSCR 471, 472 (March 31, 1992, Lewis, J.)
 IV
The failure to exhaust administrative remedies, such as grievance and arbitration remedies is a proper ground for a motion to dismiss, because it implicates the court's subject matter jurisdiction. School Administrators Assn. v. Dow,200 Conn. 376, 383 (1986). Additionally, standing to claim a cause of action is a proper ground for a motion to dismiss, because "standing goes to the court's subject matter jurisdiction." Reitzer v. Board of Trustees of State College,2 Conn. App. 196, 201 (1984).
Our Connecticut Supreme Court has recognized that before resort to the courts is allowed, an employee must at least attempt to exhaust exclusive grievance and arbitration procedures, such as those contained in the collective bargaining agreement between the defendant and the plaintiff's union. Daley v. Hartford, 215 Conn. 14, 23, 574 A.2d 194
(1990), cert. denied, 498 U.S. 982, 111 S.Ct. 513 (1990). Moreover, the arbitration statutes codified at General Statutes §§ 52-408 through 52-424 evidence a decided legislative preference that disputes between teachers and boards of education be resolved through contract grievance proceedings, thereby affording both union and employer an exclusive and uniform method for orderly settlement of grievances. See School Administrators Assn. v. Dow, supra,200 Conn. 381-82. Connecticut courts have traditionally allowed exceptions to the exhaustion doctrine only "grudgingly." Cahill v. Board of Education, 198 Conn. 229
(1985).
Recently, however, the legislature itself carved out an exception to the exhaustion doctrine by enacting General Statutes § 31-51bb, which provides that:
 No employee shall be denied the right to pursue, in a court of competent jurisdiction, a cause of action arising under the state or federal constitution or under a state statute solely CT Page 1645 because the employee is covered by a collective bargaining agreement. Nothing in this section shall be construed to give an employee the right to pursue a cause of action in a court of competent jurisdiction for breach of any provision of a collective bargaining agreement or other claims dependent upon the provisions of a collective bargaining agreement.
Subsequently, our Supreme Court, in Genovese v. Gallo WineMerchants, Inc., 226 Conn. 475 (1993), interpreted this statute as follows:
 A cause of action arising under the state or federal constitution or state statute cannot be lost solely because the employee is covered by a collective bargaining agreement. Plainly, therefore, an employee who does not exhaust the grievance procedures established in a collective bargaining agreement may pursue a cause of action in the Superior Court if the cause of action is premised on an independent statutory claim. To hold otherwise would be to deny such an employee the right to pursue a statutory action solely because of the existence of a collective bargaining agreement.
Id., 481-82. Moreover, the court further read General Statutes § 31-51bb to mean that the legislature intended to permit an employee, despite his prior voluntary submission of a related claim to final arbitration under a collective bargaining agreement, to pursue a statutory cause of action in the Superior Court." Id., 493.
Count six alleges that a number of the plaintiff's statutory and constitutional rights have been violated. In light of the language and legislative history of General Statutes § 31-51bb, as well as the Genovese court's interpretation and application of said statute, it does not appear that the plaintiff in the present case was required to exhaust administrative remedies under the collective bargaining agreement prior to filing these claims with the court. It further appears that each of the statutory and constitutional claims raised by the plaintiff in count six exist independently of the collective bargaining agreement. CT Page 1646 In Robinson v. SNET, 33 Conn. App. 600, 602 (1994) the Appellate court held that the submission of a claim to arbitration under a collective bargaining agreement does not preclude a statutory cause of action in this court; see alsoCassotto v. Winchester Board of Education, 13 Conn. L. Rptr. No. 1, 4 (January 2, 1995 Pickett, J.).
Accordingly, defendants' motion to dismiss the plaintiff's complaint, on the ground that the plaintiff has failed to exhaust her administrative remedies under the collective bargaining agreement is rejected as to each of the statutory and constitutional claims set forth in count six.
 V.
Counts one through five, as well as a portion of count six, also allege certain common law causes of action. The plaintiff urges the court to extend the Genovese
interpretation and application of General Statutes § 31-51bb
to these claims as well, on the ground that "[i]mplicit in theCahill v. Board of Education . . . decision is the notion that causes of action in libel and slander are separate, independent and distinct causes of action from collective bargaining agreements," and on the ground that the subject CBA would not have allowed the plaintiff to recover money for defamation and invasion of privacy.
Cahill does not stand for the proposition that libel and slander constitute separate, independent and distinct causes of action from collective bargaining agreements. No Connecticut case cited by the plaintiff indicates that common law causes of action should not be subject to the grievance procedures of collective bargaining agreements. In Trigila v.Hartford, 217 Conn. 490, 495 (1991) the Supreme Court stated that the test was whether the legislature intended to provide a substantive right independent of collective bargaining, or to provide an enhanced remedy ancillary to and enforceable cojointly with rights established as a matter of collective bargaining. In Shortt v. New Milford Police Dept., 212 Conn. 294,304-05 (1989) the court held that where a statute creates a substantive right independent of existing labor relations statutes, as opposed to merely providing an additional remedy regarding a claim, the exhaustion doctrine does not apply. Common law actions are not mentioned in either the language of General Statutes § 31-51bb or the Genovese decision, which CT Page 1647 refer only to statutory and constitutional causes of action. Further, General Statutes § 31-51bb states:
 Nothing in this section shall be construed to give an employee the right to pursue a cause of action in a court of competent jurisdiction for breach of any provision of a collective bargaining agreement or other claims dependent upon the provisions of a collective bargaining agreement.
Finally, the collective bargaining agreement in this case defines a grievance as:
 a complaint by an employee that he/she has been subjected to arbitrary, capricious or discriminatory policy or practice or that his/her rights under the specific language of the administrative regulations or the directive of the administration, whether contained in Board Policy and Administrative Manual or in the Administrative Regulations Handbook or this Agreement have been violated or that as to him/her there is a misinterpretation or misapplication of the specific provisions of administrative regulations or the directive of the administration, or of this Agreement . . . .
The agreement then sets forth a multi-step grievance procedure, involving an initial informal procedure followed by more formal procedures. A complainant not satisfied with the result at any level of the process, may advance to the next level. The final step is arbitration, and the arbitration decision may then be appealed to Superior Court. See General Statutes §§ 52-417 and 52-418.
The plaintiff's claims of defamation, invasion of privacy based on false light, failure to supervise intentional infliction of emotional damages, constructive wrongful discharge, and breach of the implied covenant of good faith and fair dealing in this case arise directly from the relationship protected by the collective bargaining agreement. See Coiro v. Duran, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 382303 (April 20, 1992, Wagner, J.). The adverse Arbitrator's decision regarding the allegedly defamatory statement published against CT Page 1648 the plaintiff was not appealed to this court pursuant to General Statutes §§ 52-418 to 52-420; moreover, the plaintiff failed to follow the grievance and arbitration procedures contained within the collective bargaining agreement regarding her remaining claims.
We conclude that the defendants' motion to dismiss counts one through five, as well as those parts of count six relating to common law causes of action, is meritorious.
 VI.
The defendants also argue that the plaintiff's claim of discriminatory employment practices, brought pursuant to General Statutes § 46a-60, must be dismissed, for failure to exhaust administrative remedies available under §§ 46a-82
through 46a-96 of the General Statutes. Specifically, the defendants allege that, because the plaintiff has not filed a complaint with the Connecticut Commission on Human Rights and Opportunities ["CHRO"], she has not exhausted her administrative remedies under the statute, thereby depriving the court of jurisdiction to hear her claim citing Sullivan v.Board of Police Commissioners, 196 Conn. 208, 215-16,491 A.2d 1096 (1985).
This court has previously ruled that where a plaintiff seeks relief beyond the power of the CHRO to grant, the court is not deprived of jurisdiction solely on the basis that administrative remedies were not initiated and exhausted before the agency. St. Germaine v. Ensign Bickford Co.
Superior Court at Hartford/New Britain at Hartford CV 0539310, (December 20, 1994, Wagner, J.). In this case, plaintiff claims punitive damages as well as monetary damages beyond the power of CHRO to grant. The motion to dismiss the claim under General Statutes § 46a-60 is rejected.
 VII.
The defendants also argue that the plaintiff's claim of retaliatory discharge, brought pursuant to General Statutes § 4-61dd must be dismissed, on the ground that the plaintiff lacks standing to sue under said statute. General Statutes § 4-61dd provides, in pertinent part, that:
(b) No state officer or employee, as defined in CT Page 1649 section 4-141 and no appointing authority shall take or threaten to take any personnel action against any state employee in retaliation . . . .
The defendants argue that the plaintiff lacks standing to sue under this statute, because there is no "state officer or employee" against whom the plaintiff can claim a violation of the statute. Additionally, the defendants argue that although the statute governs "threat[s] to take any personnel action against any state employee in retaliation," the plaintiff, as an employee of the Hartford Board of Education, was not a state employee.
Under General Statutes § 4-141, a "state employee" is defined as "every person elected or appointed to or employed in any office, position or post in the state government." Our Supreme Court has specifically recognized that a school teacher does not come within this definition. Sansone v.Bechtel, 180 Conn. 96, 100 (1980), the court stating:
 Although a town board of education is an agent of the state when carrying out the interests of the state, its members are not state but town officers. Similarly, teachers as employees of a town board of education are also not employed in the state government.
Accordingly, the plaintiff has failed to establish that she has standing to pursue a claim of retaliatory discharge under General Statutes § 4-61dd, thereby requiring dismissal of said claim.
 VIII
Finally, the defendants argue that, because the plaintiff was an employee protected by a collective bargaining agreement, rather than an employee at-will, she cannot maintain an action for breach of the implied covenant of good faith and fair dealing. It is not necessary to address this argument, in light of our conclusion that the plaintiff's claim of breach of the implied covenant of good faith and fair dealing should be dismissed for failure to exhaust administrative remedies.
In summary, defendants Nearines' Motion to Dismiss the complaint as against him dated August 2, 1994 is granted. CT Page 1650
Defendants' Motion to Dismiss dated August 19, 1994 is granted as to Counts One through Five and to all claims under count six, except those based on General Statutes § 46a-60, and31-51q and the Connecticut Constitution. As to those statutory and constitutional claims under count six, defendants' Motion to Dismiss is denied.
Wagner, J.